UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AUSTIN WATKINS<br><br>    Plaintiff,<br><br>v.<br><br>COTTON CORRECTIONAL FACILITY,<br><br>    Defendant. | Case No.  2:25-cv-12556<br><br>Honorable Denise Page Hood |

**OPINION AND ORDER DISMISSING CIVIL RIGHTS CASE WITHOUT PREJUDICE FOR FAILURE TO PAY THE FILING FEE OR SUBMIT AN APPLICATION TO PROCEED IN FORMA PAUPERIS**

This case comes before the Court on transfer from the United States District Court for the Western District of Michigan. Austin Watkins is currently incarcerated at the Bellamy Creek Correctional Facility in Ionia Michigan. He filed a pro se complaint pursuant to 42 U.S.C. § 1983. On August 18, 2025, Chief Magistrate Judge David R. Grand signed an order of deficiency in this case. (ECF No. 6.) The order was issued because Plaintiff failed to file a completed application to proceed in forma pauperis or pay the filing and administrative fee of $405.00. (*Id*.) The order directed Plaintiff to either pay the fee or provide an application to proceed without prepayment of fees and costs (i.e., in forma pauperis) that includes: (1) authorization to withdraw from

the Plaintiff's trust fund account, (2) certification of Plaintiff's trust account from an authorized prison official, and (3) a computerized account transaction history for the preceding six months or pay the fee. (*Id.*) While Plaintiff had submitted an application to proceed in forma pauperis, he failed to include an authorization to withdraw and his computerized account transaction history for the preceding six months. Plaintiff was to comply with this order within 30 days. (*Id.*) To date, Plaintiff has neither paid the filing fee nor supplied the requested documentation.

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1138 (6th Cir. 1997). The in forma pauperis statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Boussum v. Washington*, 649 F. Supp. 3d 525, 529 (E.D. Mich. 2023); reconsideration denied, 655 F. Supp. 3d 636 (E.D. Mich. 2023). Under the PLRA, a prisoner may bring a civil action in forma pauperis if he or she files an affidavit of indigency and a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the complaint. *See* 28

U.S.C. § 1915(a). If the inmate does not pay the full filing fee and fails to provide the required documents, the district court must notify the prisoner of the deficiency and grant him or her thirty days to correct it or pay the full fee. *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997).

If the prisoner does not comply, the district court must presume that the prisoner is not a pauper, assess the inmate the full fee, and order the case dismissed for want of prosecution. *Id*.

Accordingly, the Court will dismiss the complaint for want of prosecution, because of Plaintiff's failure to comply with Magistrate Judge Grand's deficiency order by failing to timely pay the filing fee or to provide the requested documentation needed to proceed in forma pauperis. *See, e.g., Erby v. Kula*, 113 F. App'x 74, 75-76 (6th Cir. 2004).

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the complaint under 28 U.S.C. §§ 1915(a)(1), (b)(1), and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act.

This is a final order that closes this case.

**IT IS SO ORDERED.**

                                                s/Denise Page Hood
                                                DENISE PAGE HOOD
                                                United States District Judge

Dated:  January 22, 2026